UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JIM HANSON, | Case No. 2:23-cv-00885 |
| Plaintiff, | Demand for a Jury Trial |
| v. | |
| TRUEACCORD CORP, | |
| Defendant. | |

## **FIRST AMENDED CLASS ACTION COMPLAINT**

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant TrueAccord Corp ("TrueAccord") has contributed to this barrage of telephone spam by initiating illegal prerecorded calls to Plaintiff Jim Hanson ("Hanson").

3. Hanson wants this telephone spam to stop. Others do as well. TrueAccord has already been sued at least 10 times for violating the TCPA but that has not gotten TrueAccord to stop.

1

4.      Hanson brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7.      Plaintiff Jim Hanson is a resident of Cape Coral, Florida.

8.      Defendant TrueAccord Corp is a Delaware-registered corporation with its principal place of business in Lenexa, Kansas.

## FACTUAL ALLEGATIONS

9.      Hanson's home, phone, and privacy been invaded by TrueAccord's non-emergency calls.

10.     Hanson is the residential subscriber of the cell phone number 239-703-4929. Hanson uses this phone number at home. Hanson makes and takes personal calls and text messages on this phone number.

11.     TrueAccord has initiated calls to Hanson at least four times in which a prerecorded voicemail was left, including the following:

i.   Call from +18666112731 on Aug 2, 2022 at 6:29pm UTC

   *Hello, this is a message from TrueAccord. TrueAccord is a debt collector. We're checking in regarding our previous message. We really want to work with you to find a solution. We can consider different payment options through the links in our emails or discuss them with an*

2

*agent. Give us a call at 866-611-2731.*

ii. Call from +18666112731 on Aug 9, 2022, at 6:37 pm UTC

*Hello, this is a message from TrueAccord. TrueAccord is a debt collector. We've been trying to get through to you regarding an account. We have a team of friendly U.S. based agents ready to help you with your account. They're available to assist you from 8:00 am to 8:00 pm eastern standard time. Simply call 866-611-2731 today.*

iii. Call from +18666112731 on Aug 17, 2022, at 8:02pm UTC

*Hello this is a message from TrueAccord. TrueAccord is a debt collector. We're checking in with you about this account. At TrueAccord, we understand that money might be type right now. Just tell us about your circumstances. We can help customize a payment plan that works for you. Call us back at 866-611-2731.*

iv. Call from +18666112731 on Aug 25, 2022, at 2:51pm UTC

*Hello this is a message from TrueAccord. TrueAccord is a debt collector. We understand times are tough. Create a customized payment plan that works for you by calling us at 866-611-2731 and speak with one of our agents.*

12. The voicemails sounded like a recording. The audio did not sound like an actual person. Rather, the recording sounded robotic like a text-to-speech system generated the audio. Multiple voicemails were left in which the voicemail message—including the intonation, pauses, etc.—were the same.

13. Hanson recently started using the number 239-703-4929 a little over a year ago.

14. TrueAcord initiated the prerecorded calls for the purpose of collecting a debt from someone other than Hanson, apparently from the prior owner of the phone number 239-703-4929.

3

15. Hanson never provided his number 239-703-4929 to TrueAccord, never had a relationship with TrueAccord, never gave permission for TrueAccord to send any type of communication, and Hanson is not the person from whom TrueAccord is trying to collect on the alleged debt.

16. TrueAccord's calls are a nuisance and annoyance to Hanson. The calls have invaded Hanson's privacy. The spam has diminished the value of Hanson's phone and Hanson's enjoyment of life.

## LEGAL STANDARD

17. **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1).

## CLASS ACTION ALLEGATIONS

18. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Hanson brings this action on behalf of all other persons similarly situated throughout the United States.

19. Hanson proposes the following Classes:

> **The Prerecorded Voice Class**
> All people in the United States (1) to whom TrueAccord initiated one or more calls to their cellular telephone, (2) to a person who has not had an account in collections with TrueAccord, (3) using a prerecorded or artificial voice, (4) within the last four years from the filing of this action.

20. Hanson does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

21. Class members are identifiable through phone records and phone number databases.

22. There are questions of law and fact common to Hanson and the class member including but not limited to:

    i. Whether TrueAccord initiated the calls.

    ii. Whether TrueAccord's calls violated the law.

    iii. Whether Hanson and class members are entitled to statutory damages, trebled damages, and injunctive relief.

23. Hanson's claims are typical of the claims of the class members. Hanson's claims, like the class members' claims, arise out of the same common course of conduct by TrueAccord and are based on the same legal and remedial theories.

24. Hanson is an adequate representative of the class because Hanson's interests do not conflict with the interests of the class members, Hanson will fairly and adequately protect the interests of the class members, and Hanson is represented by counsel skilled and experienced in class actions, including TCPA class actions.

25. Common questions of law and fact predominate over questions affecting only individual class members.

26. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication,

provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

27. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
### (On Behalf of Plaintiff and the Prerecorded Voice Class)

28. TrueAccord violated 47 C.F.R. § 64.1200(a)(1) by using a prerecorded or artificial voice without consent and without an emergency purpose when initiating calls to Hanson and members of the Prerecorded Voice Class.

29. Hanson and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

30. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

31. The court should enjoin such violations. *Id*.

## RELIEF REQUESTED

Hanson respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Hanson as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Hanson and class members, as allowed by law;

6

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Hanson requests a jury trial as to all claims of the Complaint so triable.

DATED October 20, 2023

                                Respectfully submitted,

                                */s/ John Kauffman*
                                John Kauffman
                                Florida Bar No. 538205
                                LawHQ, PC
                                299 S. Main St. #1300
                                Salt Lake City, UT 84111
                                385-285-1090
                                john.kauffman@lawhq.com

                                *Lead Counsel for Plaintiff*